Jennifer Hadley Catero (#018380)
Patrick A. Tighe (#033885)
SNELL & WILMER L.L.P.
One East Washington Street, Suite 2700
Phoenix, AZ  85004-2556
Telephone:  602.382.6000
Facsimile:  602.382.6070
E-Mail: jcatero@swlaw.com
          ptighe@swlaw.com

Edward R. McNicholas (Admitted *pro hac vice*)
Frances Faircloth (Admitted *pro hac vice*)
Christopher M. Nienhaus (Admitted *pro hac vice)*
ROPES & GRAY LLP
2099 Pennsylvania Avenue, NW
Washington, DC 20006
Telephone: 202.508.4600
E-Mail: edward.mcnicholas@ropesgray.com
          fran.faircloth@ropesgray.com
          christopher.nienhaus@ropesgray.com

Andrew J. O'Connor (Admitted *pro hac vice*)
ROPES & GRAY LLP
Prudential Tower
800 Boylston Street
Boston, MA 02199
Telephone: 617.951.7000
E-Mail: andrew.oconnor@ropesgray.com

*Attorneys for Defendant*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Montana Strong and Debra Yick, individually and on behalf of all others similarly situated,<br><br>        Plaintiffs,<br><br>    v.<br><br>LifeStance Health Group, Inc. d/b/a LifeStance, a Delaware corporation,<br><br>        Defendant. | No. 2:23-cv-00682-MTL<br><br>**DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT**<br><br>(Assigned to Hon. Michael T. Liburdi)<br><br>(Oral Argument Requested) |

# **TABLE OF CONTENTS**

INTRODUCTION ...................................................................................................... 1

I.      The Information that Pixels Transfer Is Not PHI as a Matter of Law ............. 1

II.     Plaintiffs' Federal Wiretap Claim Fails  ......................................................... 2

        *A. The Crime-Tort Exception Does Not Apply* ...................................................... 2

        *B. Plaintiffs Fail to Allege an Independent Crime or Tort.* ............................. 3

III.    The California CIPA Wiretap Claim Fails .......................................................... 4

        *A. Communication via CAPI Is Not Actionable Under CIPA* .......................... 4

        *B. Plaintiffs Fail to Sufficiently Allege that Data was Sent, Received, or
            Intercepted in California.* .................................................................... 5

        *C. Plaintiffs Fail to Allege that LifeStance Aided and Abetted Any
            Wrongdoing by Meta* ............................................................................ 5

IV.     Violation of California Unfair Competition Is Not Pled ................................. 6

        *A. Plaintiffs Allege the Relevant Conduct Occurred Outside of California* ..... 6

        *B. Plaintiffs Do Not Adequately Allege Reliance.* ............................................ 6

        *C. Plaintiffs Fail to Plead Actual Injury.* ......................................................... 6

V.      The Arizona Consumer Fraud Claim Also Fails ............................................. 7

        *A. Plaintiffs Fail to Allege Materiality and Intent.* ........................................... 7

        *B. Plaintiffs Do Not Allege a Sale or Advertisement.* ...................................... 8

        *C. Plaintiffs Fail to Allege a Cognizable Injury.* .............................................. 8

VI.     The New York Unfair Competition Law Is Not Relevant ............................... 8

VII.    California's Medical Privacy Act Is Not Implicated ........................................ 9

VIII.   Plaintiffs Fail to Plead Any Intrusion Upon Seclusion ................................. 10

CONCLUSION ........................................................................................................ 10

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re Anthem, Inc. Data Breach Litig.*,
162 F. Supp. 3d 953 (N.D. Cal. 2016) ....................................................................7, 9

*Brown v. Google LLC*,
No. 20-CV-03664, 2021 WL 6064009 (N.D. Cal. Dec. 22, 2021)...........................7

*Cappello v. Walmart, Inc.*,
394 F. Supp. 3d 1015 (N.D. Cal. 2019) ...................................................................7

*Chadam v. Palo Alto Unified Sch. Dist.*,
No. C 13-4129, 2014 WL 325323 (N.D. Cal. Jan. 29, 2014) ..................................8

*Daniel v. Ford Motor Co.*,
806 F.3d 1217 (9th Cir. 2015) ..................................................................................6

*Demaree v. Wal–Mart Stores, Inc.*,
511 F. App'x 660 (9th Cir. 2013) ..............................................................................8

*Deteresa v. ABC*,
121 F.3d 460 (9th Cir. 1997) .....................................................................................4

*Doe v. Va. Mason Med. Ctr.*,
No. 19-2-26674-1, 2020 WL 1983046 (Wash. Super. Ct. Feb. 12, 2020) ..............7

*In re DoubleClick*,
154 F. Supp. 2d 497 (S.D.N.Y 2001) ............................................................2, 3, 4

*Eisenhower Med. Ctr. v. Superior Court*,
226 Cal. App. 4th 430 (2014) .................................................................................10

*Garvey v. Am. Home Mortg. Servicing, Inc.*,
No. CV-09-973, 2009 WL 2782128 (D. Ariz. Aug. 31, 2009) ...............................3

*In re Google Inc. Cookie Placement Consumer Priv. Litig.*,
806 F.3d 125 (3d Cir. 2015) ......................................................................................3

*Goshen v. Mut. Life Ins.*,
774 N.E.2d 1190 (N.Y. 2002)....................................................................................9

*Goss v. United States*,
No. CV-18-08077, 2020 WL 871247 (D. Ariz. Feb. 21, 2020) .............................10

*Graham v. Noom, Inc.*,
533 F. Supp. 3d 823 (N.D. Cal. 2021) ................................................................5, 6

*Hammerling v. Google LLC*,
615 F. Supp. 3d 1069 (N.D. Cal. 2022) ................................................................4

*Hartley v. Univ. of Chi. Med. Ctr.*,
No. 22 C 5891, 2023 WL 7386060 (N.D. Ill. Nov. 8, 2023)...............................2, 3

*Heiting v. Taro Pharms. USA, Inc.*,
No. 2:23-cv-08002, 2024 U.S. Dist. LEXIS 60819 (C.D. Cal. Apr. 2, 2024)..........5

*Kane v. University of Rochester*,
2024 WL 1178340 (W.D.N.Y. Mar. 19, 2024) .......................................................9

*Kuehn v. Stanley*,
91 P.3d 346 (Ariz. Ct. App. 2004)........................................................................8

*Kurowski v. Rush System for Health*,
2023 WL 8544084 (N.D. Ill. Dec. 11, 2023).......................................................2, 3

*Licea v. Am. Eagle Outfitters, Inc.*,
659 F. Supp. 3d 1072 (C.D. Cal. 2023) ................................................................5

*Martin v. Sephora USA*,
2023 WL 2717636 (E.D. Cal. Mar. 30, 2023) ......................................................5

*Medical Lab'y Mgmt. Consultants v. Am. Broad. Cos.*,
30 F. Supp. 2d 1182 (D. Ariz. 1998) ....................................................................3

*In re Meta Pixel Healthcare Litig.*,
647 F. Supp. 3d 778 (N.D. Cal. 2022) ..................................................................4

*Murphy v. Thomas Jefferson Univ. Hosps., Inc.*,
No. 22-4674, 2023 WL 7017734 (E.D. Pa. Oct. 10, 2023) ...................................2

*Oman v. Delta Air Lines, Inc.*,
889 F.3d 1075 (9th Cir. 2018) ..............................................................................6

*Peter Strojnik, P.C. v. Signalife, Inc.*,
No. CV-08-1116, 2009 WL 605411 (D. Ariz. Mar. 9, 2009)................................8

*Rodriguez v. Google LLC*,
No. 20-cv-04688, 2022 WL 214552 (N.D. Cal. Jan. 25, 2022) ............................5

*Smith v. Facebook, Inc.*,
   262 F. Supp. 3d 943 (N.D. Cal. 2017), *aff'd*, 745 F. App'x 8 (9th
   Cir. 2018) ..................................................................................................2

*In re Solara Med. Supplies, LLC Customer Data Sec. Breach Litig.*,
   613 F. Supp. 3d 1284 (S.D. Cal. 2020)....................................................7

*ThermoLife Int'l LLC v. BPI Sports LLC*,
   No. CV-20-02091, 2021 WL 661981 (D. Ariz. Feb. 19, 2021) ...............5

*Wilson v. Rater8, LLC*,
   No. 20-cv-1515, 2021 WL 4865930 (S.D. Cal. Oct. 18, 2021)..............10

**Statutes**

18 U.S.C. § 2511(2)(d) .....................................................................................4

42 U.S.C. § 1320d-6(A) ...................................................................................1

Cal. Civ. Code § 56(c)(3) ...........................................................................9, 10

N.Y. Gen. Bus. Law § 349 ...............................................................................9

**INTRODUCTION**[1]

Despite Plaintiffs' attempts to have the Court believe otherwise, LifeStance is not in the business of creating dossiers of Plaintiffs' sensitive personal health information and selling it to Facebook. The facts as pled do not support Plaintiffs' theory that LifeStance somehow violated state and federal wiretap statutes, unfair competition laws, and other privacy laws by placing industry-standard pixel technologies on its website. As Plaintiffs themselves state in their Opposition, "healthcare organizations—such as LifeStance—may use third-party tracking tools and website analytics" as long as they do so "in a way that does not disclose personally identifiable protected health information ["PHI"] to third parties." Opp'n at 1-2. This is precisely what LifeStance does: the cryptic information used by these tools is not PHI, and Plaintiffs have not adequately pled otherwise.

## I.   THE INFORMATION THAT PIXELS TRANSFER IS NOT PHI AS A MATTER OF LAW

The bulk of Plaintiffs' claims rest on their assertion that LifeStance disclosed PHI. If there was no PHI disclosure, Plaintiffs cannot invoke the Crime-Tort Exception or adequately allege that the contents of their communications were impermissibly shared. Plaintiffs' claim that LifeStance "does not dispute the first element" of whether the communications at issue are PHI, Opp'n at 8, is patently false. LifeStance *explicitly* disputed that element, demonstrating that Plaintiffs failed to allege that any identifying information was "created or received *by a health care provider*"—*i.e.*, LifeStance. 42 U.S.C. § 1320d-6(A) (emphasis added). As such, by definition under the statute, that information *cannot be PHI. Id.*

Courts have repeatedly determined that communicating "IP addresses, Facebook IDs, cookie identifiers, device identifiers and account numbers," and "URLs, buttons, pages, and tabs they click and view" are factually insufficient bases for a determination that

[1] Citations and references to "FAC" or "Complaint" are to Plaintiffs' First Amended Class Action Complaint, Dkt. No. 32. Citations to "Opp'n" are to Plaintiffs' Response in Opposition to LifeStance's Motion to Dismiss the FAC. Citations to "MTD" are to LifeStance's Motion to Dismiss the FAC. Unless indicated otherwise, internal quotation marks and citations are omitted and emphasis is added.

PHI was disclosed. *Hartley v. Univ. of Chi. Med. Ctr.,* No. 22 C 5891, 2023 WL 7386060 (N.D. Ill. Nov. 8, 2023); *Murphy v. Thomas Jefferson Univ. Hosps., Inc.*, No. 22-4674, 2023 WL 7017734, at *1 (E.D. Pa. Oct. 10, 2023) (dismissing plaintiffs' assertions that PHI was disclosed by tracking technology as conclusory and insufficient). Similarly, the Ninth Circuit has rejected arguments that using third-party analytics to track search parameters or other activity on general, publicly accessible health-related webpages is a disclosure of PHI because "[n]othing about the URLs, or the content of the pages" is necessarily connected "to the past, present, or future physical or mental health or condition *of an individual*." *Smith v. Facebook, Inc.*, 262 F. Supp. 3d 943, 954–55 (N.D. Cal. 2017), *aff'd*, 745 F. App'x 8 (9th Cir. 2018) (emphasis in original). Because the information LifeStance discloses is not PHI, all of Plaintiffs' claims fail and this case should be dismissed.

## II.   PLAINTIFFS' FEDERAL WIRETAP CLAIM FAILS

Ever since the seminal decision *In re DoubleClick*, 154 F. Supp. 2d 497, 515 (S.D.N.Y 2001), courts have consistently held that cookies and related basic website analytics technology do not somehow constitute a wiretap; nothing in the Opposition should lead this Court to upset this settled law.

***A. The Crime-Tort Exception Does Not Apply.*** Plaintiffs concede the obvious – that they "intended LifeStance" to receive their communications *and* that any basis for the Crime-Tort Exception must be a crime or tort that is truly "independent." Opp'n at 6. Plaintiffs now rest their argument on *dicta* in *Kurowski v. Rush System for Health* ("*Rush III*"), a case deciding a motion for *leave to amend*, not a motion to dismiss. 2023 WL 8544084, at *1 (N.D. Ill. Dec. 11, 2023). Beyond Plaintiffs' reliance on this non-binding dicta, the remark in *Rush III* was not predicated—as Plaintiffs argue—solely on the "additional allegations in the proposed amended complaint," Opp'n at 7.  Instead, that court relied upon "[a]ll of these allegations, *taken together*" from *both* the newly added

allegations *and* all of the allegations from the first two complaints. *Rush III*, 2023 WL 8544084, at \*3.  Plaintiffs' FAC still falls short of *Rush*.[2]

**B. Plaintiffs Fail to Allege an Independent Crime or Tort.**[3] Plaintiffs' conclusory repetitions that LifeStance allegedly violated HIPAA, committed an invasion of privacy, and committed amorphous "additional violations of the law" are insufficient to invoke the Crime-Tort Exception. Repeating something does not make it true. Successfully invoking the Crime-Tort Exception requires pleading "that the offender intercepted the communication for the purpose of a tortious or criminal act that is *independent* of the intentional act of recording." *In re Google Inc. Cookie Placement Consumer Priv. Litig.*, 806 F.3d 125, 145 (3d Cir. 2015). A plaintiff must show that "at the time the [interception] took place, [the defendant] recorded [the interception] with the express intent of committing a tort." *Med. Lab'y Mgmt. Consultants v. Am. Broad. Cos.*, 30 F. Supp. 2d 1182, 1205 (D. Ariz. 1998).  This Court has rejected attempts to invoke the Crime-Tort Exception where, as here, plaintiffs offer nothing more "than a summary of the same arguments for liabilities for the underlying torts." *Med. Lab'y*, 30 F. Supp. 2d at 1205.

Moreover, the alleged invasion of privacy cannot form the basis for the Crime-Tort Exception because Plaintiffs have not alleged a tortious or criminal *purpose*. While Plaintiffs cherry-pick and mischaracterize one sentence from *DoubleClick*—that a violation of state statutes "for the purpose of invading [plaintiff's] privacy . . . or for the purpose of committing unfair business practices" could justify the Exception—they completely ignore

---

[2] Plaintiffs also misstate the holding in *Hartley v. University of Chicago Medical Center* as reliant on *Rush III*.  Opp'n at 9.  While *Hartley* did analogize to *Rush*, it ultimately rejected HIPAA as a basis for the Crime-Tort Exception on allegations strikingly similar to the FAC, concluding that communicating "IP addresses, Facebook IDs, cookie identifiers, device identifiers and account numbers," and "URLs, buttons, pages, and tabs they click and view" are factually insufficient bases for a HIPAA violation.  2023 WL 7386060 at \* 2 (N.D. Ill. Nov. 8, 2023).

[3] The Court should reject Plaintiffs' call for discovery at this stage. *See* Opp'n at 11-12. The mere possibility that additional facts could hypothetically bolster Plaintiffs' claims does not allow an insufficiently-pled complaint to survive a 12(b)(6) motion to dismiss. *See, e.g.*, *Garvey v. Am. Home Mortg. Servicing, Inc.*, No. CV-09-973, 2009 WL 2782128, at \*2 (D. Ariz. Aug. 31, 2009) (granting motion to dismiss and holding that "[t]o allow Plaintiff[s] to conduct discovery as requested would subvert the purpose of the pleading requirements" where factual allegations were insufficient).

*DoubleClick*'s conclusion.[4] The court ultimately *rejected* the plaintiffs' argument that "by virtue of its tortious acts, [the defendant] must have had a tortious purpose," which is what Plaintiffs are now arguing here. *In re DoubleClick*, 154 F. Supp. 2d 497, 515 (S.D.N.Y 2001). Courts have consistently held that where "[n]othing . . . in the record suggests" a specific motivation to "injure plaintiffs tortiously," but rather a motivation to "make money"—as Plaintiffs allege here—the Crime-Tort Exception does not apply, *even if the activity in question incidentally resulted in an alleged tort.* *See* MTD at 8-9 (citing *DoubleClick*, 154 F. Supp. 2d at 518); *In re Meta Pixel Healthcare Litig.*, 647 F. Supp. 3d 778, 797 (N.D. Cal. 2022) (collecting cases).

## III.   THE CALIFORNIA CIPA WIRETAP CLAIM FAILS

As Plaintiffs concede, LifeStance is a party to the communications at issue, Opp'n at 13, and an intended party to a communication cannot eavesdrop on it.  18 U.S.C. § 2511(2)(d).  As discussed above, the only potential exception, the Crime-Tort Exception, cannot be invoked here.  Because the "the analysis for a violation of CIPA is the same as that under the federal Wiretap Act," *Hammerling v. Google LLC*, 615 F. Supp. 3d 1069, 1092 (N.D. Cal. 2022), the California CIPA wiretap claim fails.

***A. Communication via CAPI Is Not Actionable Under CIPA.***  Perhaps recognizing that the FAC fails, Plaintiffs attempt to create a factual dispute by claiming—without citation to the FAC—that "CAPI may process the User's Private Information simultaneously rather than in two steps." Opp'n at 14.  Yet this flatly contradicts their own allegations that "communications between patients and Defendant . . . are actually received by Defendant and stored on its server *before* CAPI collects and sends the Private Information contained in those communications directly from Defendant to Facebook." FAC ¶ 82. A party to a communication does not violate CIPA where it records or shares its

---

[4] Plaintiffs' quote from *DoubleClick* actually comes from *Deteresa v. ABC*, 121 F.3d 460, 467 n.4 (9th Cir. 1997), which was not "helpfully list[ing] some of the types of torts that can support the crime-tort exception," Opp'n at 10, but rather held that the plaintiff could not invoke the Exception for failure to show the defendant had taped a conversation in order to commit those torts.

own communications—precisely what Plaintiffs alleged. *See Graham v. Noom, Inc.*, 533 F. Supp. 3d 823, 832 (N.D. Cal. 2021).[5]

**B. Plaintiffs Fail to Sufficiently Allege that Data was Sent, Received, or Intercepted in California.**  Plaintiffs offer no opposition to LifeStance's argument that CIPA requires them to *specifically* allege "*how* the [communications] are intercepted simultaneously," MTD at 13 n.10 (citing *Martin v. Sephora USA*, 2023 WL 2717636, at *17 (E.D. Cal. Mar. 30, 2023)), instead attempting to occlude pleading deficiencies by emphasizing the alleged "connections Plaintiff Yick and this case have to California," Opp'n at 14. The FAC lacks any allegations detailing the locations from which messages were sent or received—and neither Plaintiff Yick's alleged residence nor Plaintiffs' barebones, conclusory allegation that "communications were intercepted in California where Meta is located" remedy these deficiencies. FAC ¶ 352; *see Heiting v. Taro Pharms. USA, Inc.*, No. 2:23-cv-08002, 2024 U.S. Dist. LEXIS 60819, at *20-26 (C.D. Cal. Apr. 2, 2024); *Martin*, 2023 WL 2717636 at *17.[6]

**C. Plaintiffs Fail to Allege that LifeStance Aided and Abetted Any Wrongdoing by Meta.** Plaintiffs argue that LifeStance misconstrued the standard for aiding and abetting claims under CIPA as provided in *Graham v. Noom, Inc.* Opp'n at 15 (citing *Graham*, 533 F. Supp. 3d 823, 831 (N.D. Cal. 2021)).[7] But Plaintiffs do not allege that Meta actually used Plaintiffs' allegedly-intercepted data. The allegations Plaintiffs cite (*see* Opp'n 14 (citing

---

[5] *See, e.g.*, *ThermoLife Int'l LLC v. BPI Sports LLC*, No. CV-20-02091, 2021 WL 661981, at *4 (D. Ariz. Feb. 19, 2021) ("[T]he Court will only consider the factual allegations included in the Complaint in its analysis. . . . Courts do not consider new allegations plaintiffs try to 'sneak' into their responses . . . .").

[6] *Martin* dismissed the CIPA claim with prejudice because "conclusory" allegation that defendant allows a third party to "intercept [the communications] (during transmission and in real time)" failed to allege more. *See also, e.g.*, *Licea v. Am. Eagle Outfitters, Inc.*, 659 F. Supp. 3d 1072, 1085 (C.D. Cal. 2023) (dismissing CIPA claim for failure to plead the "how" and "when"); *Rodriguez v. Google LLC*, No. 20-cv-04688, 2022 WL 214552, at *2 (N.D. Cal. Jan. 25, 2022) (dismissing CIPA claim for failure to plead specific facts regarding interception).

[7] Plaintiffs' suggestion—that underlying "wrongdoing" by a third-party has nothing to do with the aiding and abetting analysis under CIPA—is incorrect.  *Graham* held that a defendant could not be held "liable for aiding and abetting [the third party's] wrongdoing because there is no wrongdoing."  533 F. Supp. 3d at 833.

FAC ¶¶ 7, 191-99, 218-22)) provide only vague insinuations of how Meta uses "data that it receives from entities *like* LifeStance"—*not data received from LifeStance itself*. Without a specific allegation that Meta received, used, or monetized data that it received from LifeStance, Plaintiffs fail to allege aiding and abetting. *Graham,* 533 F. Supp. 3d at 832-33. Plaintiffs' reliance on distinguishable cases is unavailing[8] and fails to overcome Plaintiffs' pleading deficiencies.

**IV.    VIOLATION OF CALIFORNIA UNFAIR COMPETITION IS NOT PLED**

***A. Plaintiffs Allege the Relevant Conduct Occurred Outside of California.*** For the UCL to apply extraterritorially, "the conduct that 'creates liability' under the statute" should have occurred in the state. *Oman v. Delta Air Lines, Inc.*, 889 F.3d 1075, 1079 (9th Cir. 2018). Although Plaintiff Yick may live in California, Plaintiffs plainly allege that LifeStance's liability-creating conduct occurred *in Arizona*. FAC ¶ 341.

***B. Plaintiffs Do Not Adequately Allege Reliance.*** Plaintiffs also now contend that "Plaintiff Yick premises her UCL claims on LifeStance's purported omissions" rather than any misrepresentations, Opp'n at 17. Proving reliance on an omission requires allegations that the nondisclosure was an "immediate cause of the plaintiff's injury-producing conduct" or that plaintiff would have "behaved differently" given disclosure. *Daniel v. Ford Motor Co.*, 806 F.3d 1217, 1225 (9th Cir. 2015). The FAC includes neither such claim; indeed, Plaintiffs never allege that they even *read* LifeStance's Privacy Policy, or that the Policy affected their decision.[9]

***C. Plaintiffs Fail to Plead Actual Injury.*** Most tellingly, Plaintiffs still allege no actual injury. The Opposition cites cases allegedly showing that lost benefit of the bargain, diminution of value of personal information, or interference with the right to control

---

[8] Opp'n at 15 (citing *Javier v. Assurance IQ, LLC*, 649 F. Supp. 3d 891, 897–98 (N.D. Cal. 2023) and *D'Angelo v. Penny OpCo*, LLC, 2023 WL 7006793, at *9 (S.D. Cal. Oct. 24, 2023)).

[9] Plaintiffs' reliance on *Perkins v. LinkedIn Corp.* in support of their omission-based UCL claim is misplaced as *Perkins* involved a UCL claim based on misrepresentations, not omissions. Opp'n at 18 (citing 53 F. Supp. 3d 1190 (N.D. Cal. 2014)).

personal information are recoverable damages under the UCL. Opp'n at 18-19. None of these theories are supported by the allegations in the Complaint.

The "benefit of the bargain losses" at issue in cases like *In re Anthem, Inc. Data Breach Litigation*, are based on money paid to the defendant "for services that should have included protecting [PII] from unauthorized disclosure . . . ." *In re Anthem, Inc. Data Breach Litig.*, 162 F. Supp. 3d 953, 968 (N.D. Cal. 2016). But the Complaint makes no allegation that Plaintiffs paid any money to LifeStance for the protection of their data from disclosure, rather than for the procurement of services.

Plaintiffs also fail to adequately plead any diminution of value of their data—a theory that suggests Plaintiffs would otherwise sell the data at issue in an individualized market that does not exist. Unlike in *Brown v. Google LLC*, Plaintiffs did not, and cannot, allege that any third party would possibly purchase their pixel data because no such legal marketplace exists. C*f. Brown v. Google LLC*, No. 20-CV-03664, 2021 WL 6064009, at *15 (N.D. Cal. Dec. 22, 2021) (finding diminution of valuable data where Google had previously paid individuals for such data and where there are "several browsers and platforms willing to pay individuals for [such] data").

Finally, the Court should not consider Plaintiffs' new argument that LifeStance interfered with their newly alleged "right to control health information," Opp'n at 18, as that allegation was never raised in the Complaint. None of the cases Plaintiffs cite in support of this theory even address interference with such an amorphous and broad right to control information as a basis for establishing harm—nor would such a right to control information held by others be consistent with the freedom of speech.[10]

## V.    THE ARIZONA CONSUMER FRAUD CLAIM ALSO FAILS

***A. Plaintiffs Fail to Allege Materiality and Intent.*** Plaintiffs concede their ACFA claim is based on omissions, not misrepresentations, but fail to allege the required

---

[10] *See In re Solara Med. Supplies, LLC Customer Data Sec. Breach Litig.*, 613 F. Supp. 3d 1284 (S.D. Cal. 2020); *Cappello v. Walmart, Inc.*, 394 F. Supp. 3d 1015 (N.D. Cal. 2019); *Doe v. Va. Mason Med. Ctr.*, No. 19-2-26674-1, 2020 WL 1983046 (Wash. Super. Ct. Feb. 12, 2020).

materiality and intent behind the omissions. Plaintiffs never allege that the omissions were "logically related to the transaction in which it occurs and rationally significant to the parties in view of the nature and circumstances of the transaction."[11] Nor can they allege that they relied on the Privacy Policy, as they do not allege they even read LifeStance's Privacy Policy before deciding to use LifeStance's services, making it impossible for this policy to have been "rationally significant" to them in any supposed transaction (which Plaintiffs also fail to allege). *Id.* Courts have found the requisite intent for an ACFA claim inadequately pled with analogous allegations, and Plaintiffs do nothing to distinguish this authority.[12]

***B. Plaintiffs Do Not Allege a Sale or Advertisement.*** The Complaint contains no allegations of a specific purchase which is the baseline of an ACFA claim. *Kuehn v. Stanley*, 91 P.3d 346, 351 (Ariz. Ct. App. 2004). Plaintiffs cannot hide behind claimed confidentiality concerns to relieve them of this pleading requirement as these facts could have been filed under seal like other information in the Complaint.[13] Moreover, Plaintiffs' authority-devoid argument that the Privacy Policy is an advertisement by virtue of being on LifeStance's website bears no support in logic or law.[14]

***C. Plaintiffs Fail to Allege a Cognizable Injury.*** Absent from Plaintiffs litany of supposed recoverable damages is any authority supporting that these damages are recoverable under ACFA. Recovery under ACFA requires a specific purchase, which Plaintiffs have failed to allege. MTD at 22, n.19.

**VI.    THE NEW YORK UNFAIR COMPEITION LAW IS NOT RELEVANT**

Plaintiff Strong completely ignores controlling precedent, which requires not only

---

[11] *Demaree v. Wal–Mart Stores, Inc.*, 511 F. App'x 660, 661 (9th Cir. 2013).

[12] *See* MTD at 20 (quoting *Anderson v. Kimpton Hotel & Rest. Grp.*, LLC, No. 19- cv-01860, 2019 WL 3753308, at *7 (N.D. Cal. Aug. 8, 2019)).

[13] *See Chadam v. Palo Alto Unified Sch. Dist.*, No. C 13-4129, 2014 WL 325323, at *5 (N.D. Cal. Jan. 29, 2014) ("The potentially sensitive nature of the information does not excuse Plaintiffs' duty to apprise the Court of the facts underlying their case.").

[14] *See Peter Strojnik, P.C. v. Signalife, Inc.*, No. CV-08-1116, 2009 WL 605411, at *5 (D. Ariz. Mar. 9, 2009) ("An incidental advertisement contained in a newsletter does not convert the entire communication into an advertisement . . . so long as the newsletter's primary purpose is informational, rather than to promote commercial products.").

that the "deception . . . must occur *in New York*," but holds that "[NYGBL] analysis *does not turn on the residency of the parties.*" *Goshen v. Mut. Life Ins.*, 774 N.E.2d 1190, 1195-96 (N.Y. 2002). Plaintiff Strong's allegations that she resided in New York "when she accessed . . . LifeStance's Website" is legally deficient when an Arizona website is at issue. And her new efforts to raise a lost benefit of the bargain fares no better. Opp'n at 24. Although Plaintiff Strong conveniently does not cite it here, *Kane* makes clear that a lost benefit of the bargain theory only suffices under NYGBL § 349 where plaintiffs allege that *but for the supposed deception*, "they never would have purchased" defendant's services. *Kane v. University of Rochester*, 2024 WL 1178340, at *17 (W.D.N.Y. Mar. 19, 2024) (cleaned up). Yet Plaintiff Strong—unlike the plaintiffs in the cases she cites[15]—never alleged that she would not have used LifeStance's services, nor that she would have paid less had she known about the alleged deception. And while Plaintiff Strong alleged that she "would consider using [LifeStance's] services" in the future, FAC ¶ 302, she does not allege that she would have acted differently had she known about the alleged deceptions.

## VII.   CALIFORNIA'S MEDICAL PRIVACY ACT IS NOT IMPLICATED

Because the allegedly-disclosed data is not "medical information" subject to CMIA and the disclosure to Meta for provision of "administrative services" was permissible, Plaintiffs' CMIA claim fails. Plaintiffs' allegations are limited to disclosure of searches for "treatments sought," but none of the allegedly-disclosed information concerns any treatment *received*, because it is limited to pre-appointment searches and booking information. As explained above, data related to general pre-treatment searches—*even searches for specific conditions*—is not PHI because the data does not reveal anything about actual treatments Plaintiffs received; for the same reason, this is not "medical information"

---

[15] In both cases, lost benefit of the bargain only constituted injury under GBL § 349 where plaintiffs had alleged that they "would not have" used defendants' services. *In re Anthem*, 162 F. Supp. 3d at 995; Consol. Am. Class Action Compl. ¶ 13, *Wallace v. Health Quest Sys., Inc.*, No. 20-cv-00545, 2020 WL 13357743 (S.D.N.Y. May 27, 2020), ECF No. 34.

under CMIA.[16] Moreover, Meta is permissibly providing "administrative services" to LifeStance under CMIA. MTD at 27. Plaintiffs CMIA claim also fails because they concede they are not alleging the disclosure of any "mental health application information." Plaintiffs also concede that, like HIPAA's statutory definition of IIHI, *see supra* at Section I, CMIA's "individually identifiable" definition requires that "*medical information* includes or contains . . . personal identifying information." Opp'n at 25.  But because Plaintiffs allege that *Facebook* created and received the identifying cookies, FAC ¶¶ 73-74, 152, any medical information in *LifeStance's* possession, by definition, neither "includes [n]or contains" *Facebook* cookies.

## VIII.   PLAINTIFFS FAIL TO PLEAD ANY INTRUSION UPON SECLUSION

Nothing in Plaintiffs' Opposition alters the fundamental rule that an "intrusion upon seclusion" claim requires an *intrusion* by the defendant—an element which is not possible where Plaintiffs plead that they voluntarily communicated information to LifeStance. MTD at 28 (citing *Bruer v. Phillips L. Grp. PC*, 2019 WL 2552060, at *3 (D. Ariz. June 20, 2019) (no intrusion upon seclusion where plaintiff voluntarily communicated information to defendant); *see also Goss v. United States*, No. CV-18-08077, 2020 WL 871247, at *3 n.3 (D. Ariz. Feb. 21, 2020) (no intrusion upon seclusion where plaintiff "voluntarily chose to make [incriminating] statements to [another]" who recorded and relayed those statements to others).

### CONCLUSION

For the reasons set forth above, Defendant respectfully requests that the Court dismiss each of Plaintiffs' claims with prejudice.

---

[16] *See, e.g., Eisenhower Med. Ctr. v. Superior Court*, 226 Cal. App. 4th 430, 434-35 (2014); *Wilson v. Rater8, LLC*, No. 20-cv-1515, 2021 WL 4865930, at *5 (S.D. Cal. Oct. 18, 2021) (finding that data only constitutes "medical information" when it reveals treatment).

DATED this 5th day of April, 2024.

SNELL & WILMER L.L.P.

By: *s/ Jennifer Hadley Catero*
Jennifer Hadley Catero
Patrick A. Tighe
One East Washington St., Ste. 2700
Phoenix, AZ  85004-2556

and

Edward R. McNicholas
(Admitted *pro hac vice*)
Frances Faircloth
(Admitted *pro hac vice*)
Christopher M. Nienhaus
(Admitted *pro hac vice*)
ROPES & GRAY LLP
2099 Pennsylvania Avenue NW
Washington, DC 20006

Andrew J. O'Connor
(Admitted *pro hac vice*)
ROPES & GRAY LLP
Prudential Tower
800 Boylston Street
Boston, MA 02199

*Attorneys for Defendant LifeStance Health Group, Inc d/b/a LifeStance*

- 11 -