# UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| Montana Strong and Debra Yick, *individually and on behalf of all others similarly situated*,<br><br>Plaintiffs,<br><br>v.<br><br>LifeStance Health Group, Inc. d/b/a LifeStance, a Delaware corporation,<br><br>Defendant. | Case No. CV-23-00682-PHX-KML<br><br>*Assigned to the Honorable Krissa M. Lanham*<br><br>**ORDER GRANTING PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF REVISED CLASS ACTION SETTLEMENT** |

Having considered all papers submitted by the Parties and arguments of counsel, it is hereby ordered that:

1. The settlement, memorialized in the Settlement Agreement attached as Exhibit A to the Declaration of David S. Almeida filed in Support of Plaintiffs' Motion for Preliminary Approval of Revised Class Action Settlement, on a preliminary review represents a fair, adequate, and reasonable compromise of disputed claims, falls within the range of reasonableness, and should be presented to the Settlement Class for review, consideration and comment.[1]

2. The Settlement Class is defined as consisting of: "[a]ll natural persons who are members of Settlement Subclass 1 and Settlement Subclass 2."

    i. **Settlement Subclass 1**: All members of LifeStance's total patient population who booked at least one session through LifeStance's online booking tool, accessed through LifeStance's public website lifestance.com, between March 1, 2020 and April 30, 2023.

    ii. **Settlement Subclass 2**: All other members of LifeStance's total patient population between March 1, 2020 and April 30, 2023, not including those in Settlement Subclass 1.

Excluded from the Settlement Class are: (i) Defendant's officers and directors and any entity in which Defendant or its parents have a controlling interest; (ii) all Settlement Class Members who timely and validly request exclusion; and (iii) Defendant's Counsel and in-house counsel who advised Defendant on the Action. Also excluded from the Settlement Class are members of the judiciary to whom this case is assigned, their families, and members of their staff.

3. The Court finds that the prerequisites for a settlement class under Federal Rules of Civil Procedure 23(a) and (b)(3) have been satisfied, for purposes of settlement only, in that: (a) the number of Settlement Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of the Class Representatives are typical of the claims of the Settlement Class they seek to represent; (d) the Class Representatives have and will fairly and adequately represent the

---

[1] All capitalized terms not defined herein have the meanings ascribed to them in the Revised Settlement Agreement.

interests of the Settlement Class; (e) the questions of law and fact common to the Settlement Class Members predominate over any questions affecting any individual Settlement Class Member; and (f) a class action is superior to the other available methods for the fair and efficient adjudication of the controversy.

4.    Defendant preserves its rights regarding class certification if Final Approval of the Settlement is not granted.

5.    Hart L. Robinovitch and Ryan J. Ellersick of Zimmerman Reed LLP and David S. Almeida and Britany A. Kabakov of Almeida Law Group LLC are appointed as Class Counsel.

6.    Plaintiffs Montana Strong and Debra Yick are appointed as Class Representatives.

7.    The Court approves the Notice program set forth in the Settlement Agreement pursuant to Fed.R.Civ.P. 23(c) and (e) as fair and reasonable to the Class. The Notice program satisfies Class Members' due process rights.

8.    No later than the Notice Date (fifty (50) Days after the date of the Preliminary Approval Order), the Settlement Administrator shall send Notice via email substantially in the form attached as Exhibit C to the Settlement Agreement along with an electronic link to the Claim Form and Settlement Website to all Settlement Class Members for whom a valid email address is available in the Class List. In the event transmission of email notice results in any "bounce-backs," the Settlement Administrator shall, where reasonable, correct any issues that may have caused the "bounce-back" to occur and make a second attempt to re-send the email notice. If the second attempt at email notice results in a bounce-back, the Settlement Administrator shall mail a postcard notice to the Settlement Class Member at their last-known mailing address possessed by Defendant, if any, in the form of Exhibits E to the Settlement Agreement to Settlement Subclass 1 Members and Exhibit F to Settlement Subclass 2 Members.

9.    Both thirty (30) Days prior to the Claims Deadline and seven (7) Days prior to the Claims Deadline, the Settlement Administrator shall send a reminder Notice via email substantially in the form attached as Exhibit C to the Settlement Agreement (with minor, non-material modifications to indicate that it is a reminder email rather than an initial notice), along with an electronic link to the Settlement Website, Claim Form, to all Settlement Class Members

for whom a valid email address is available in the Class List and who have not yet submitted a Claim. Other than as set forth above, neither the Parties nor the Settlement Administrator shall have any other obligations to additional email or any paper notices.

10. Class Counsel may request that the Settlement Administrator send supplemental reminder Notices via email substantially in the form attached as Exhibit C to the Settlement Agreement (with minor, non-material modifications to indicate that it is a reminder email rather than an initial notice), along with an electronic link to the Settlement Website and Claim Form, to all Settlement Class Members for whom a valid email address is available in the Class List and who have not yet submitted a Claim.

11. Within fifty (50) Days from the Court's entry of this Preliminary Approval Order, a Long-Form Notice shall be published on a Settlement Website which shall be administered and maintained by the Settlement Administrator. The Settlement Website shall provide Class Members with the ability to review and download documents related to the settlement, including but not limited to, the operative Complaint, Settlement Agreement, and Long Form Notice and shall include the ability to file Claim Forms online. The Settlement Website shall also include a Frequently Asked Question section and a toll-free number for the Settlement Class to ask questions to the Settlement Administrator. The Long Form Notice provided on the Settlement Website (www.lifestancepixelsettlement.com) shall be substantially in the form of Exhibit D to the Settlement Agreement. The Settlement Website shall be maintained from the Notice Date until one hundred twenty (120) Days after the Effective Date.

12. Class Counsel, in their capacity as counsel to Settlement Class Members, may respond to inquiries from Settlement Class Members to provide information about the Settlement Agreement and to answer any questions Settlement Class Members may have about the Settlement Agreement and their rights. More general inquiries from Settlement Class Members regarding the settlement that do not involve legal advice may be responded to by the Settlement Administrator.

13. Defendant shall provide Notice of the proposed Settlement Agreement to the public officials designated under the Class Action Fairness Act, 28 U.S.C. § 1715.

14. The Objection Deadline is sixty (60) Days after the Notice Date or _____, 2026.

15. Any Settlement Class Member who intends to object to this Agreement must present the objection in writing prior to the Objection Deadline, which must be personally signed by the objector, and must include: (i) the case name and number of the Action; (ii) the objector's full name, current address, telephone number, and email address; (iii) proof that the Settlement Class Member is a member of the Settlement Class (e.g., copy of settlement notice, proof of being a LifeStance patient during relevant time period, or proof of having booked an appointment through LifeStance's online booking tool hosted at lifestance.com during the relevant period); (iv) an explanation of the basis upon which the objector claims to be a Settlement Class Member all grounds for the objection, including all citations to legal authority and evidence supporting the objection; (v) the Settlement Class Member's signature (digital or handwritten); (vi) if the Settlement Class Member is represented by counsel, the name, contact information (address, telephone number, and email address) and state bar(s) to which counsel is admitted, as well as associated state bar numbers, of any and all attorneys representing, advising, or in any way assisting the objector in connection with the preparation or submission of the objection or who may profit from the pursuit of the objection (the "Objecting Attorneys"); (vii) copies of any documents that the Settlement Class Member wishes to submit in support of his/her position; (viii) the signature (digital or handwritten) of the Settlement Class Member's duly authorized attorney or other duly authorized representative, along with documentation setting forth such representation; (ix) whether the objection applies only to the Settlement Class Member, to a specific subset of the Settlement Class, or to the entire Settlement Class; (x) a list, including case name, court, and docket number of all other cases in which the objector and the objector's counsel has filed an objection to any proposed class action settlement in the past five (5) years; and (xi) a statement indicating whether the objector intends to appear at the Final Approval Hearing, and if so, whether personally or through Objecting Attorneys who file an appearance with the Court in accordance with the Court's Rules.

16. To be considered, Objections shall be filed with the Court and served on both

Class Counsel and Defendant's Counsel on or prior to the Objection Deadline. The addresses for service of an Objection upon Class Counsel and Defendant's counsel shall be published in the Long Form Notice that will be published on the Settlement Website. Any Objection filed by a Class Member who excludes themselves from the Settlement Class shall not be considered.

17.     The Exclusion Deadline or Opt Out Deadline is sixty (60) Days after the Notice Date or _____, 2026. A Settlement Class Member may request to be excluded from the Settlement Class by sending a written request received by the Settlement Administrator on or before the Exclusion Deadline approved by the Court and specified in the Notice. To exercise the right to be excluded, a Person in the Settlement Class must timely send a written request for exclusion to the Settlement Administrator as specified in the Notice, providing (i) his or her full name, current address, telephone number, and email address, (ii) signature (digital or handwritten), (iii) the name and/or docket number of the Action, and (iv) a statement that he or she unequivocally wishes to be excluded from the Settlement Class for purposes of this Settlement.

18.     Angeion Group ("Angeion") is appointed to serve as the Settlement Administrator.

19.     The Settlement timeline is summarized as follows:

| EVENT | DATE |
| --- | --- |
| Last day for Defendants to provide the Settlement Administrator with Class Member List | 30 calendar days after the entry of this Order. |
| Last day for Settlement Administrator to publish Settlement Website | 50 calendar days after the entry of this Order. |

| | |
|---|---|
| Last day for Settlement Administrator to send Settlement Class Notice to Settlement Class Members via email or mail | 50 calendar days after the entry of this Order. |
| Last day for Class Counsel to file Motion for Attorney's Fees and Expenses and Class Representative's Service Award | 14 days prior to the Objection Deadline and Exclusion Deadline. |
| Last day for Settlement Class Members to Object to the Settlement | 60 calendar days after the Notice Date |
| Last day for Requests for Exclusion or Opt-Outs from the Settlement to be received by the Settlement Administrator. | 60 calendar days after the Notice Date |
| Last day for Class Counsel to file Motion for Final Approval of Settlement and respond to any objections | 14 days before Final Approval Hearing. |
| Last day for claims to be submitted electronically or postmarked by Settlement Class Members | 90 calendar days after the Settlement Administrator has sent Notice to Settlement Class Members. |
| Final Approval Hearing | At least 90 days after the Notice Date. |

20. Final Approval Hearing: The Final Approval Hearing will be held on _____ 2026, at _____ .

Date: _____

_____
**Honorable Krissa M. Lanham**
**United States District Judge**

6