**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Montana Strong, et al., | No. CV-23-00682-PHX-KML |
| Plaintiffs, | **ORDER** |
| v. | |
| LifeStance Health Group Incorporated, | |
| Defendant. | |

Plaintiffs Montana Strong and Debra Yick filed this suit against LifeStance Health Group, Inc. ("LifeStance") alleging federal and state claims based on tracking technology LifeStance allegedly used on its website. The court previously denied a joint motion for preliminary approval of a settlement on behalf of three subclasses, only one of which would receive cash payments. (Doc. 85 at 2.) That agreement proposed plaintiffs' attorneys' fees be paid by a reversionary, uncontested $750,000 fund as well as 25% or 33% of the $1.2 million class award. (Doc. 85 at 2-3.) The court found this payment structure disproportionate to the award for class members and held the agreement as written did not overcome the warning signs for collusion. (Doc. 85 at 11 (citing *In re Bluetooth*, 654 F.3d 935, 946-47 (9th Cir. 2011).)

The parties engaged in additional negotiations after that order issued. (Doc. 94 at 23.) Jointly with LifeStance, plaintiffs now again seek preliminary approval of a proposed class action settlement ("Settlement Agreement" or "SA") (Doc. 94), a copy of which has been submitted as Exhibit 1 to David S. Almeida's Declaration (Doc. 95-1 at 1). That

agreement proposes two subclasses, both of which will receive cash payments from the Settlement Fund. (Doc. 95-1 at 14-15, 17-18.) Attorneys' fees will be paid as a percentage from the Settlement Fund, LifeStance may object to the fees, and none of the Settlement Fund is reversionary.[1] (Doc. 95-1 at 17-18, 40.)

The compensation structure appears fair and reasonable. The other portions of the proposed settlement, such as the class definition, have either remained the same since the previous analysis or have not changed so as to materially impact the previous analysis. (*See* Doc. 85 at 4-8.) Based on that previous analysis and the revised compensation structure, preliminary approval is granted.

Accordingly,

**IT IS ORDERED** the Motion for Preliminary Approval (Doc. 94) is **GRANTED**.

**IT IS FURTHER ORDERED** the parties shall comply with the following:

1.     All capitalized terms used in this order that are not otherwise defined herein have the meanings defined in the SA.

2.     The Class: The Settlement Class is defined as consisting of: "[a]ll natural persons who are members of Settlement Subclass 1 and Settlement Subclass 2."

a.     Settlement Subclass 1: All members of LifeStance's total patient population who booked at least one session through LifeStance's online booking tool, accessed through LifeStance's public website lifestance.com, between March 1, 2020 and April 30, 2023.

b.     Settlement Subclass 2: All other members of LifeStance's total patient population between March 1, 2020 and April 30, 2023, not including those in Settlement Subclass 1.

---

[1] Once again, there is some discrepancy as to whether counsel have capped their fees at 25% or 33% of the settlement funds. (*Compare* Doc. 95 at 9 *with* Doc. 95-1 at 40.) Either percentage would be reasonable. *See In re Novant Health, Inc*, No. 1:22-cv-00697, 2024 WL 3028443, at *2 (M.D.N.C. June 17, 2024) (awarding attorneys' fees of one-third of the settlement and citing other pixel-related cases awarding the same or more); *Vizcaino v. Microsoft Corp*., 290 F.3d 1043, 1048 (9th Cir. 2002) (describing flexible "25% benchmark rate" for attorneys' fees from common funds).

Excluded from the Settlement Class are: (i) Defendant's officers and directors and any entity in which Defendant or its parents have a controlling interest; (ii) all Settlement Class Members who timely and validly request exclusion; and (iii) Defendant's Counsel and in-house counsel who advised Defendant on the Action. Also excluded from the Settlement Class are members of the judiciary to whom this case is assigned, their families, and members of their staff.

3. Conditional Approval of Class Certification: As the court previously found for a similar class definition (Doc. 85 at 6), this class definition meets the minimum requirements for class certification and conditional approval is granted for the purpose of settlement. Defendant preserves its rights regarding class certification if Final Approval of the settlement is not granted.

4. The Settlement Fund: The parties have agreed defendant will fund two non-reversionary, common funds for $3,027,874.44 total. The Settlement Subclass 1 Fund is $1,203,405.00, which will fund the Settlement Subclass 1 cash payments. The Settlement Subclass 2 Fund is $1,824,469.44, which will fund the Settlement Subclass 2 cash payments.

5. Preliminary Approval of Settlement: The Court has reviewed the SA attached as Exhibit 1 to David S. Almeida's Declaration and does hereby preliminarily approve the Agreement set forth therein as fair, reasonable and adequate, subject to further consideration at the Settlement Hearing. The Court preliminarily finds the proposed Settlement should be approved as: (i) it is the result of arm's-length and non-collusive negotiations; (ii) falling within a range of reasonableness warranting final approval; (iii) having no obvious deficiencies; and (iv) warranting notice of the proposed Settlement to Class Members and further consideration of the Settlement at the Settlement Hearing described below.

6. Hart L. Robinovitch and Ryan J. Ellersick of Zimmerman Reed LLP and David S. Almeida and Britany A. Kabakov of Almeida Law Group LLC are appointed as Class Counsel. Plaintiffs Montana Strong and Debra Yick are appointed as Class

Representatives. Angeion Group ("Angeion") is appointed to serve as the Settlement Administrator.

7.    Notice Program: The Court approves the Notice program set forth in the SA pursuant to Fed. R. Civ. P. 23(c) and (e) as fair and reasonable to the Class. The Court approves the form, substance, and requirements of the Settlement Notice Program to provide notice of the Settlement to the Class, including the defendant-provided Settlement Class List, the Direct Notice, the Reminder Notice(s), the Settlement Website, and the Longform Notice, many of which are in the forms attached to Doc. 95-1. Notice of the Settlement and Settlement Hearing shall be given as follows:

(a) No later than July 1, 2026 (the "Settlement Notice Date"), the Settlement Administrator shall send Notice via email substantially in the form attached as Exhibit C to the SA (Doc. 95-1 at 58) along with an electronic link to the Claim Form and Settlement Website to all Settlement Class Members for whom a valid email address is available in the Class List. In the event transmission of email notice results in any "bounce-backs," the Settlement Administrator shall, where reasonable, correct any issues that may have caused the "bounce-back" to occur and make a second attempt to re-send the email notice. If the second attempt at email notice results in a bounce-back, the Settlement Administrator shall mail a postcard notice to the Settlement Class Member at their last-known mailing address possessed by Defendant, if any, in the form of Exhibits E to the SA to Settlement Subclass 1 Members and Exhibit F to Settlement Subclass 2 Members.

(b) Both thirty days and seven days prior to the Claims Deadline, the Settlement Administrator shall send a reminder Notice via email substantially in the form attached as Exhibit C to the SA (Doc. 95-1 at 58) (with minor, non-material modifications to indicate that it is a reminder email rather than an initial notice), along with an electronic link

to the Settlement Website, Claim Form, to all Settlement Class Members for whom a valid email address is available in the Class List and who have not yet submitted a Claim. Other than as set forth above, neither the Parties nor the Settlement Administrator shall have any other obligations to additional email or any paper notices. Class Counsel may request the Settlement Administrator send supplemental reminder notices.

(c) On or before July 1, 2026, a Longform Notice shall be published on a Settlement Website which shall be administered and maintained by the Settlement Administrator. The Settlement Website shall provide Class Members with the ability to review and download documents related to the settlement, including but not limited to, the operative Complaint, Settlement Agreement, and Long Form Notice and shall include the ability to file Claim Forms online. The Settlement Website shall also include a Frequently Asked Question section and a toll-free number for the Settlement Class to ask questions to the Settlement Administrator. The Longform Notice provided on the Settlement Website shall be substantially in the form of Exhibit D to the SA. (Doc. 95-1 at 61.) The Settlement Website shall be maintained from the Notice Date until one hundred twenty days after the Effective Date.

(d) Defendant shall provide Notice of the proposed SA to the public officials designated under the Class Action Fairness Act, 28 U.S.C. § 1715.

(e) Class Counsel, in their capacity as counsel to Settlement Class Members, may respond to inquiries from Settlement Class Members to provide information about the SA and to answer any questions Settlement Class Members may have about the SA and their rights. More general inquiries from Settlement Class Members regarding the settlement that do not involve legal advice may be responded to by the Settlement Administrator.

8.     Appearance and Objections: Any Class Member may enter an appearance in this Action, at his, her or its own expense, individually or through counsel of his, her or its own choice. If any Class Member does not enter an appearance, he, she or it will be represented by Class Counsel.

9.     The Objection Deadline is August 31, 2026. To be considered, Objections shall be filed with the Court and served on both Class Counsel and Defendant's Counsel on or prior to the Objection Deadline. The addresses for service of an Objection upon Class Counsel and Defendant's counsel shall be published in the Longform Notice that will be published on the Settlement Website. Any Objection filed by a Class Member who excludes themselves from the Settlement Class shall not be considered.

10.     Any Settlement Class Member who intends to object to this Agreement must present the objection in writing prior to the Objection Deadline, which must be personally signed by the objector, and must include: (i) the case name and number of the Action; (ii) the objector's full name, current address, telephone number, and email address; (iii) proof that the Settlement Class Member is a member of the Settlement Class (e.g., copy of settlement notice, proof of being a LifeStance patient during relevant time period, or proof of having booked an appointment through LifeStance's online booking tool hosted at lifestance.com during the relevant period); (iv) an explanation of the basis upon which the objector claims to be a Settlement Class Member all grounds for the objection, including all citations to legal authority and evidence supporting the objection; (v) the Settlement Class Member's signature (digital or handwritten); (vi) if the Settlement Class Member is represented by counsel, the name, contact information (address, telephone number, and email address) and state bar(s) to which counsel is admitted, as well as associated state bar numbers, of any and all attorneys representing, advising, or in any way assisting the objector in connection with the preparation or submission of the objection or who may profit from the pursuit of the objection (the "Objecting Attorneys"); (vii) copies of any documents that the Settlement Class Member wishes to submit in support of his/her position; (viii) the signature (digital or handwritten) of the Settlement Class Member's duly

authorized attorney or other duly authorized representative, along with documentation setting forth such representation; (ix) whether the objection applies only to the Settlement Class Member, to a specific subset of the Settlement Class, or to the entire Settlement Class; (x) a list, including case name, court, and docket number of all other cases in which the objector and the objector's counsel has filed an objection to any proposed class action settlement in the past five years; and (xi) a statement indicating whether the objector intends to appear at the Settlement Hearing, and if so, whether personally or through Objecting Attorneys who file an appearance with the Court in accordance with the Court's Rules.

11.    The Exclusion Deadline or Opt-Out Deadline is August 31, 2026. A Settlement Class Member may request to be excluded from the Settlement Class by sending a written request received by the Settlement Administrator on or before the Exclusion Deadline approved by the Court and specified in the Notice. To exercise the right to be excluded, a Person in the Settlement Class must timely send a written request for exclusion to the Settlement Administrator as specified in the Notice, providing (i) his or her full name, current address, telephone number, and email address, (ii) signature (digital or handwritten), (iii) the name and/or docket number of the Action, and (iv) a statement that he or she unequivocally wishes to be excluded from the Settlement Class for purposes of this Settlement.

12.    The Settlement Hearing: A hearing (the "Settlement Hearing") pursuant to Rule 23(e) of the Federal Rules of Civil Procedure is hereby scheduled to be held before the Court at the Sandra Day O'Connor United States Courthouse, United States District Court for the District of Arizona, 401 West Washington Street, Phoenix, AZ, on October 16, 2026 at 10:30 a.m. for the following purposes:

(a)    to determine whether the Settlement is fair, reasonable and adequate, and should be finally approved by the Court;

(b)    to determine whether the Final Judgment, as provided for by the SA, should be entered;

- 7 -

(c)    to determine whether the Plan of Allocation for the distribution of the proceeds of the Settlement is fair, reasonable, and adequate, and should be finally approved by the Court;

(d)    to consider Lead Counsel's motion for an award of Attorneys' Fees and Expenses and a Class Representative Service Award; and

(e)    to rule upon such other matters as the Court may deem appropriate.

13.    The Court reserves the right to approve the Settlement with such modifications as may be agreed upon or consented to by the Parties and without further notice to the Class where doing so would not impair Class Members' rights in a manner inconsistent with Rule 23 and due process of law. The Court may enter the Judgment approving the Settlement regardless of whether it has approved the Plan of Allocation or awarded attorneys' fees and/or expenses.

14.    The Court reserves the right to alter the time or the date of the Settlement Hearing without further notice to Class Members, and retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement. The Court may decide to hold the Settlement Hearing by telephone or video conference without further notice to the Class. Any change to the Settlement Hearing will be posted on the Court's docket and the Settlement Website (www.lifestancepixelsettlement.com). Any Class Member (or his or her counsel) who wishes to appear at the Settlement Hearing should consult the Court's docket and/or the Settlement Website for any change in date, time, or format of the hearing.

15.    In sum, the Settlement timeline is as follows:

| EVENT | DATE |
|---|---|
| Last day for Defendants to provide the Settlement Administrator with Class Member List | June 11, 2026 |
| Last day for Settlement Administrator to publish Settlement Website | July 1, 2026 |
| Last day for Settlement Administrator to send Settlement Class Notice to Settlement Class Members via email or mail | July 1, 2026 |
| Last day for Class Counsel to file Motion for Attorneys' Fees and Expenses and Class Representative's Service Award | August 17, 2026 |
| Last day for Settlement Class Members to Object to the Settlement | August 31, 2026 |
| Last day for Requests for Exclusion or Opt-Outs from the Settlement to be received by the Settlement Administrator. | August 31, 2026 |
| Last day for Class Counsel to file Motion for Final Approval of Settlement and respond to any objections | October 2, 2026 |
| Last day for claims to be submitted electronically or postmarked by Settlement | 90 days after the Settlement Administrator has sent Notice to |

| Class Members | Settlement Class Members. |
| --- | --- |
| Settlement Hearing | October 16, 2026 |

16. All Class Members (except Excluded Class Members) shall be bound by all determinations and judgments in the Action concerning the Settlement, including, but not limited to, the Releases provided for therein, whether favorable or unfavorable to the Class, regardless of whether such Persons seek or obtain by any means, including, without limitation, by submitting a Proof of Claim and Release or any similar document, any distribution from the Settlement Fund or the Net Settlement Fund.

17. Supporting Papers: All papers in support of the Settlement, Plan of Allocation, and Class Counsel's request for an award of attorneys' fees and expenses shall be filed with the Court and served on or before September 11, 2026. Any reply papers are to be filed with the Court and served no later than October 9, 2026.

18. Escrow: The passage of title and ownership of the Settlement Fund to the Escrow Agent in accordance with the terms and obligations of the SA is approved. No person who is not a Class Member or Plaintiff's Counsel shall have any right to any portion of, or to any distribution of, the Settlement Fund unless otherwise ordered by the Court or otherwise provided in the SA. All funds held in escrow shall be deemed and considered to be *in custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court until such time as such funds shall be disbursed pursuant to the Stipulation and/or further order of the Court.

19. Plan of Allocation, Plaintiff's Attorneys' Fees and Expenses, and Class Representative Service Award: At or after the Settlement Hearing, the Court shall determine whether the Plan of Allocation proposed by Class Counsel, and any application for attorneys' fees, costs, charges and expenses and a Class Representative Service Award, should be approved. The Court reserves the right to enter the Judgment approving the Settlement regardless of whether it has approved the Plan of Allocation or awarded

attorneys' fees and/or costs, charges, expenses, or a Class Representative Service Award.

20.    Use of this Order: Neither this Order nor the SA, nor any of their respective terms or provisions, nor any of the negotiations, discussions, proceedings connected with them, nor any act performed or document executed pursuant to or in furtherance of the SA or this Order may be construed (a) as an admission or concession by the Defendants of any of the allegations in the Action, or of any liability, fault, or wrongdoing of any kind, or offered or received in evidence, or otherwise used by any person in the Action, or in any other action or proceeding, whether civil, criminal, or administrative, in any court, administrative agency, or other tribunal, except in connection with any proceeding to enforce the terms of the SA or this Order, or (b) against Lead Plaintiff or the Class to argue that any of their claims are without merit. Lead Plaintiff and Defendants and the Released Defendants' Parties and each of their counsel may file the SA, and/or this Order and/or the Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

22.    The Court retains exclusive jurisdiction over the Action to consider all further matters arising out of or connected with the Settlement.

Dated this 12th day of May, 2026.

_____
**Honorable Krissa M. Lanham**
**United States District Judge**

- 11 -