**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Montana Strong, et al.,<br>Plaintiffs,<br>v.<br>LifeStance Health Group Incorporated,<br>Defendant. | No. CV-23-00682-PHX-KML<br>**ORDER** |

Plaintiffs Montana Strong and Debra Yick filed this class action lawsuit against LifeStance Health Group, Inc. ("LifeStance"), alleging federal and state claims based on pixel-tracking technology LifeStance allegedly used on its website to collect and disclose confidential health information. The parties now seek final approval of their proposed class action Settlement Agreement (Doc. 103), a copy of which has been submitted as Exhibit 1 to David S. Almeida's Declaration (Doc. 95-1).[1] Plaintiffs also move for an award of attorneys' fees and expenses to Class Counsel and Service Awards to Strong and Yick as Class Representatives (Doc. 101), which LifeStance does not contest.

After this court denied preliminary approval to the parties' initial proposed settlement agreement (Doc. 85), they produced a revised agreement (Doc. 95-1). The revised Agreement aims to deliver benefits to more than 900,000 Settlement Class Members by allowing them to submit a claim for a *pro rata* cash payment from their respective non-reversionary Settlement Fund, with the payment amount determined by a

[1] All capitalized terms used in this Order not otherwise defined herein have the meanings assigned to them in the Settlement Agreement.

claimant's placement in one of two subclasses based on his or her level of engagement with LifeStance's website. (Docs. 95-1 at 17–18; 104 at 2–3.) The Agreement also revised the provisions governing fees and expenses: Plaintiffs now seek attorneys' fees equal to one-third of the Settlement Fund, reimbursement of litigation costs and expenses, and Service Awards to each Class Representative. (Docs. 101; 95-1 at 17–18, 40–41.) The court preliminarily approved the revised proposed Settlement on May 12, 2026. (Doc. 99.)

The court subsequently held a Final Approval Hearing on October 16, 2026 to determine whether: (1) the terms and conditions of the Settlement were fair, reasonable, and adequate; (2) a final judgment should be entered; (3) the plan for allocating the proceeds of the Settlement was fair, reasonable, and adequate; and (4) to award attorneys' fees, costs, and expenses to Class Counsel and Service Awards to the Class Representatives, and in what amount. (Doc. 99 at 7–8.) No objections were submitted prior to the Final Approval Hearing in accordance with the provisions of the Preliminary Approval Order (Doc. 99 at 9), and LifeStance has not objected to Plaintiffs' fee motion. Having considered this posture along with all papers filed and proceedings conducted in this matter, and having found the settlement of this litigation and the compensation structure to be fair, reasonable, and adequate,

**IT IS ORDERED** the Motion for Final Approval of Class Action Settlement (Doc. 103) and Motion for an Award of Attorneys' Fees and Expenses and Service Awards to Class Representatives (Doc. 101) are **GRANTED**.

**IT IS FURTHER ORDERED**:

<u>Class Certification</u>

1. For the purpose of Settlement only, the prerequisites for class certification under Federal Rules of Civil Procedure 23(a) and (b)(3) are satisfied. The Court previously assessed certification in prior orders (Docs. 85 at 4–6; 99 at 3) and nothing has changed which would alter its analysis. Accordingly, final certification is **GRANTED** as to the following class: All natural persons who are members of Settlement Subclass 1 and Settlement Subclass 2.

a. Settlement Subclass 1: All members of LifeStance's total patient population who booked at least one session through LifeStance's online booking tool, accessed through LifeStance's public website lifestance.com, between March 1, 2020 and April 30, 2023.

b. Settlement Subclass 2: All other members of LifeStance's total patient population between March 1, 2020 and April 30, 2023, not including those in Settlement Subclass 1.

Excluded from the Settlement Class are: (i) LifeStance's officers and directors and any entity in which LifeStance or its parents have a controlling interest; (ii) all Settlement Class Members who timely and validly requested exclusion; and (iii) LifeStance's Counsel and in-house counsel who advised LifeStance on the Action. Also excluded from the Settlement Class are members of the judiciary to whom this case is assigned, their families, and members of their staff.

2. Hart L. Robinovitch and Ryan J. Ellersick of Zimmerman Reed LLP and David S. Almeida and Britany A. Kabakov of Almeida Law Group LLC are affirmed as Class Counsel. Plaintiffs Montana Strong and Debra Yick are affirmed as Class Representatives. The Court finds that Class Counsel and Plaintiffs have fairly and adequately represented the Settlement Class with respect to the Settlement.

Notice

3. The Court finds that Notice of the proposed settlement was given to Settlement Class Members in accordance with the Notice Program approved in the Preliminary Approval Order (Doc. 99 at 4–5) and in a manner reasonably calculated to provide the best notice practicable under the circumstances. The form and method of notifying the Settlement Class met the requirements of Federal Rule of Civil Procedure 23 and due process and constituted due and sufficient notice to all persons and entities entitled thereto. (*See* Doc. 104.) In addition, the Court finds that LifeStance fully satisfied any obligation to provide Notice of the proposed Settlement Agreement to the public officials

designated under the Class Action Fairness Act, 28 U.S.C. § 1715. (*See* Doc. 104 at 2, 10–15.)

<u>Final Approval of Settlement</u>

4. The Court finds that the requirements of Federal Rule of Civil Procedure 23(e)(2) and other rules applicable to final approval of class action settlements are satisfied. Plaintiffs and Class Counsel have adequately represented the Class, and the Agreement was the product of informed, good-faith, arms-length negotiations and mediation between the parties and their counsel. (*See* Doc. 95 at 4–5.) The Agreement fulfills the purposes and objectives of the class action and provides adequate relief to the Settlement Class without the risks, burdens, costs, or delays associated with continued litigation, trial, or appeal.

5. The Settlement's allocation of funds is fair, reasonable, and adequate. LifeStance will fund two non-reversionary, common funds totaling $3,027,874.44 ($1,203,405.00 for Settlement Subclass 1 and $1,824,469.44 for Settlement Subclass 2). (Doc. 95-1 at 15.) Each Settlement Class Member who submits an Approved Claim will receive a *pro rata* share of their respective subclass fund on a per-claimant basis. (Doc. 95-1 at 17–18.) The Settlement Fund provides approximately $7.00 per Subclass 1 member and $1.89 per Subclass 2 member (Doc. 95 at 9), which the Court finds is fair in light of per-member payments in similar healthcare pixel-tracking settlements. *See, e.g.*, *In re Novant Health, Inc.*, No. 1:22-cv-00697, 2024 WL 3028443, at *2, *7 (M.D.N.C. June 17, 2024) ($6,660,000 awarded to class of 1,361,159, resulting in approximately $4.85 per class member); *In re Advoc. Aurora Health Pixel Litig.*, 740 F. Supp. 3d 736, 742 (E.D. Wis. 2024) ($12,225,000 awarded to class of 2.5 million, resulting in approximately $4.89 per class member).

6. The Court finds that the Settlement is effective in appropriately distributing relief to the Settlement Class in light of the claims and defenses asserted, that the method of processing Settlement Class Member claims is reasonable and appropriate, and that the Settlement Agreement treats all Settlement Class Members equitably relative to each other. The Settlement divides the Class based on the relative strength of their claims, and within

each subclass, every Class Member with an Approved Claim receives an equal *pro rata* share of their respective fund (Docs. 95 at 11; 95-1 at 14–15, 17–18). *See Cortez v. United Natural Foods, Inc.*, No. 18-CV-04603-BLF, 2020 WL 13526688, at *8 (N.D. Cal. Feb. 6, 2020) (approving allocation of settlement fund among three subclasses at different percentages based on relative strength of each subclass's claims). Class Members needed only to submit a Claim Form online or by mail before the deadline (Docs. 95 at 11; 95-1 at 6–7, 53–57), after which the Settlement Administrator would review all submitted claims for validity, timeliness, and completeness (Docs. 95 at 14–15; 95-1 at 19, 31–33). And as of the Claims Deadline, the Settlement Administrator reported a claims rate of approximately 20.8%, which indicates the method of providing relief is effective (Docs. 103 at 16; 104 at 5–6). *Cf. Six (6) Mexican Workers v. Ariz. Citrus Growers*, 904 F.2d 1301, 1306–07 (9th Cir. 1990) ("Settlements of large class action suits have been approved even where less than five percent of the class files claims.").

7. The concerns of collusion which previously motivated the Court to deny preliminary approval are no longer present in the revised Agreement. (*See* Doc. 85 at 7–11 (citing *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 946–47 (9th Cir. 2011)).) The requested award is no longer disproportionately high compared to the Class Members' relief: the revised Agreement requests approximately 34% of the total Settlement Fund to cover all fees and costs. The revised Agreement no longer contains any clear-sailing provisions, LifeStance retained the right to object to Plaintiffs' fee motion (Doc. 95-1 at 40), and the Agreement no longer contains a kicker clause—instead distributing any residual amounts from the Settlement Fund to the *Cy Pres* Recipients (Doc. 95-1 at 17–18). The absence of these warning signs support the conclusion that the revised fee structure is fair and reasonable.

8. The Court has evaluated the reaction of the Class to the Settlement, including the fact that only 21 Class Members requested exclusion from the Class by the Exclusion Deadline and none timely objected. (Doc. 104 at 7.) The overall acceptance of the Settlement Agreement by the Settlement Class Members supports the conclusion that the

Settlement Agreement is fair, reasonable, adequate and in the best interests of the Class. *See Nat'l Rural Telecomms. Coop. v. DIRECTV, Inc.*, 221 F.R.D. 523, 529 (C.D. Cal. 2004) ("[T]he absence of a large number of objections to a proposed class action settlement raises a strong presumption that the terms . . . are favorable to the class members."); *Churchill Vill., L.L.C. v. Gen. Elec.*, 361 F.3d 566, 577 (9th Cir. 2004) (affirming approval where 45 of roughly 90,000 class members objected and 500 opted out).

9. Accordingly, final approval of the Settlement of this Action as memorialized in the Settlement Agreement is **GRANTED** as being fair, just, reasonable, and adequate. The parties are directed to consummate the Settlement Agreement in accordance with its terms and conditions. The parties are authorized to disburse funds from the Settlement in accordance with the terms and conditions of the Settlement Agreement. LifeStance shall provide the Injunctive Relief Benefits for a period of five years from the Effective Date to the extent it has not already done so.

10. Angeion Group, LLC is affirmed to serve as the Settlement Administrator as provided in the Settlement Agreement. The Settlement Administrator is directed to process all Approved Claims in accordance with the Settlement Agreement. Class Counsel and Defendant's Counsel are hereby authorized to employ all reasonable procedures in connection with administration of the Settlement Agreement that are not materially inconsistent with this order or the Settlement Agreement. The Court authorizes the payment of Settlement Administration Expenses from the Settlement Fund.

11. The Court finds that the Settlement Administrator's ongoing review and validation of Claims submitted prior to the Claims Deadline (September 29, 2026) has proceeded in accordance with the Settlement Agreement and the Preliminary Approval Order. All Settlement Class Members who submit Approved Claims shall receive their *pro rata* share of their respective subclass fund pursuant to the terms of the Settlement Agreement. All Settlement Class Members who did not submit a Claim, or whose Claim is determined to be invalid, shall nonetheless be bound by the Settlement Agreement and the Release. The requests for exclusion timely received by the Settlement Administrator

on or before the August 31, 2026 Exclusion Deadline, as identified in the Declaration of the Settlement Administrator (Doc. 104 at 7), shall be excluded from the Settlement Class and Release.

12. Privacy Rights Clearinghouse and the Center for Democracy and Technology are hereby approved as the *Cy Pres* Recipients. All residual funds remaining in the Settlement Fund after disbursements, including undistributed amounts from uncashed checks or unprocessed payments after 120 days, shall be paid by the Settlement Administrator in equal shares to the *Cy Pres* Recipients. No portion of the Settlement Fund shall revert to LifeStance.

13. Immediately upon the Effective Date, each of the Releasing Parties shall be deemed to have, and by operation of the Court's entry of the Final Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims against each of the Released Parties. Further, upon the Effective Date and to the fullest extent permitted by law, each Settlement Class Member (excluding Opt-Outs, if any) shall, either directly, indirectly, representatively, or in any capacity, be permanently barred and enjoined from filing, commencing, prosecuting, intervening in, or participating (as a class member or otherwise) in any lawsuit, action, or other proceeding in any jurisdiction (other than participation in the Settlement as provided herein) against any Released Party based on the Released Claims.

14. Immediately upon the Effective Date, Settlement Class Members (excluding Opt-Outs, if any) shall be bound by the Settlement Agreement and shall have recourse only to the benefits, rights, and remedies provided therein. No other action, demand, suit, arbitration, or other claim or proceeding, regardless of forum, may be pursued against any of the Released Parties with respect to any of the Released Claims.

15. Nothing in the Release shall preclude any action to enforce the terms of the Settlement Agreement, including participation in any of the processes detailed therein. Consistent with the Settlement Agreement, the Released Claims do not include (a) any claims for personal injury or medical malpractice related to medical services provided by

LifeStance, (b) any claims that any governmental agency or governmental actor has against LifeStance, or (c) the claims of Opt-Outs.

16. If the Settlement Agreement is terminated or fails to become effective for the reasons in the Settlement Agreement, the Parties shall be restored to their respective positions in the Action as of the date of the signing of the Settlement Agreement. In such event, any Final Judgment or other order entered by the Court in accordance with the terms of the Settlement Agreement shall be treated as vacated, *nunc pro tunc*, and the Parties shall be returned to the status quo ante with respect to the Action as if the Settlement Agreement had never been entered into.

17. Neither this Order, the Settlement Agreement, nor any act performed or document executed pursuant to or in furtherance of the Settlement Agreement is or may be deemed to be an admission or evidence of the validity of any Released Claim or of any wrongdoing or liability of LifeStance or any Released Party. Consistent with the Settlement Agreement, any Party or Released Party may file the Settlement Agreement and/or this Order in any action that may be brought against it in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good-faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

Attorneys' Fees, Costs, and Service Awards

18. The Court finds that Plaintiffs' request for attorneys' fees in the amount of one-third of the Settlement Fund ($1,009,291.48) is reasonable under the percentage-of-the-fund method. The Ninth Circuit's 25% benchmark for fee awards can be adjusted depending on various factors such as the result obtained, the risk involved in litigation, the contingent nature of the fee, and awards in similar actions. *Carlin v. DairyAmerica, Inc.*, 380 F. Supp. 3d 998, 1019 (E.D. Cal. 2019) (citing *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1048–50 (9th Cir. 2002)); *see also* LRCiv 54.2(c)(3). Here, an upward departure from the benchmark is reasonable. Class Counsel obtained substantial benefits for the Settlement Class in the form of a non-reversionary $3,027,874.44 Settlement Fund. The

risks involved were not insignificant and Plaintiffs' remedies were not guaranteed, given that litigating their claims would have required establishing intent, causation, and measurable economic loss on a class-wide basis. (Docs. 101 at 15–16; 94 at 25–28 (citing 18 U.S.C. § 2520; Cal. Penal Code § 631(a); Cal. Civ. Code § 56.36(b) and (c); A.R.S. § 44-1522; N.Y. Gen. Bus. Law § 349(h)).) Any potential recovery absent the Settlement would also "come years in the future and at far greater expense to the . . . Class." *In re Volkswagen "Clean Diesel" Mktg., Sales Pracs., & Prods. Liab. Litig.*, No. 2672 CRB (JSC), 2017 WL 1047834, at *2 (N.D. Cal. Mar. 17, 2017). Moreover, Class Counsel undertook the case on a contingent-fee basis and assumed "the financial risk of litigation . . . throughout the pendency of the action"—here, more than three years (Doc. 102 at 9–10). *In re Anthem, Inc. Data Breach Litig.*, No. 15-MD-02617-LHK, 2018 WL 3960068, at *14 (N.D. Cal. Aug 17, 2018).

19. The requested fees are also reasonable in light of awards granted in similar pixel-related cases and by courts in the Ninth Circuit more broadly. *See, e.g.*, *In re Novant Health*, 2024 WL 3028443, at *11 (awarding one-third fee award of $2,220,000 in pixel-tracking action and citing other pixel-related cases awarding the same or more); *In re Grp. Health Plan Litig.*, No. 23-cv-267 (JWB/DJF), 2025 WL 4348561 (D. Minn. July 9, 2025) (awarding one-third fee award of $2,000,000 in pixel-tracking case); *Yanez v. Knight Transportation Inc.*, No. CV-15-00990-PHX-JJT, 2024 WL 4524164, at *8 (D. Ariz. Oct. 17, 2024) (finding attorneys' fees of approximately 33% reasonable); *Vandervort v. Balboa Cap. Corp.*, 8 F. Supp. 3d 1200, 1210 (C.D. Cal. 2014) (same).

20. A lodestar cross-check confirms the reasonableness of the requested fees. Class Counsel calculates their total combined lodestar is $917,009.45 for work through August 13, 2026, not accounting for future time they anticipate expending through the completion of this Action and administration of the Settlement. (Docs. 101 at 21; 102 at 14.) Their requested fees of $1,009,291.48 would thus represent a multiplier of approximately 1.1. The Court finds that a one-third fee award "does not award counsel an exorbitant hourly rate." *In re Bluetooth*, 654 F.3d at 945; *see In re Apollo Grp. Inc. Sec.*

*Litig.*, No. CV 04-2147-PHX-JAT, 2012 WL 1378677, at *7 (D. Ariz. Apr. 20, 2012) (finding 33.33% fee award with a lodestar multiplier of 1.74 "more than reasonable").

21. Accordingly, pursuant to Federal Rule of Civil Procedure 23(h), Plaintiffs' request for attorneys' fees in the amount of one-third of the Settlement Fund ($1,009,291.48) is **GRANTED**. This amount is to be paid in the time and manner described in the Settlement Agreement.

22. Plaintiffs' request for reimbursement of costs and expenses is **GRANTED**. The Court hereby awards Class Counsel costs and expenses in the amount of $18,844.90, which the Court finds were reasonably and necessarily incurred in the prosecution and resolution of the Action. (*See* Doc. 102 at 10–14.) These amounts are to be paid in the time and manner described in the Settlement Agreement.

23. Plaintiffs' request for payment of Service Awards is **GRANTED**. The Court hereby orders payment of Service Awards in the amount of $2,500 each to Plaintiffs and Class Representatives Montana Strong and Debra Yick, which the Court finds reasonable in light of their time, effort, and risk undertaken on behalf of the Settlement Class. (*See* Doc. 102 at 14–15.) These amounts are to be paid in the time and manner described in the Settlement Agreement.

24. The Court has considered the request for Attorneys' Fees and Expenses and Service Awards separately from the fairness, reasonableness, and adequacy of the Settlement. Any order or proceeding relating to that request, or any appeal therefrom, shall not operate to terminate or cancel the Settlement Agreement or affect or delay the finality of this Final Approval Order and Judgment.

Continuing Jurisdiction and Entry of Judgment

25. The Court retains jurisdiction with respect to implementation and enforcement of the terms of the Settlement Agreement, and all parties hereto have submitted to the jurisdiction of the Court for purposes of implementing and enforcing the settlement embodied in the Settlement Agreement.

/

26. This Action is hereby **DISMISSED WITH PREJUDICE** against LifeStance and the Released Parties. There is no just reason to delay the entry of final judgment in this matter. The Clerk of Court shall enter final judgment and close this case.

Dated this 20th day of October, 2026.

**Honorable Krissa M. Lanham**
**United States District Judge**